William H. Beaumont, Esq.
(*pro hac vice* to be applied for)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, Illinois 60605
Telephone: (773) 831-8000
Facsimile:  (504) 272-2956
   whb@beaumontcostales.com

Peter Hiller Borenstein, SBN 304266
Attorney-at-Law
P.O. Box 885
Culver City, CA 90403
Telephone: (213) 362-8740
   peter@brnstn.org

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN FLORES, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>PAPA JOHN'S USA, INC.,<br><br>      Defendant | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**Demand for Jury Trial** |

     Plaintiff Bryan Flores brings this class action complaint and demand for jury trial against Papa John's USA, Inc. to stop its practice of sending text messages to the cellular telephones of consumers in violation of the TCPA, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal

CLASS ACTION COMPLAINT

1

knowledge, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. Defendant Papa John's USA, Inc. ("Papa John's") is the corporate entity behind the popular Papa John's pizza restaurant chain.

2. Papa John's promotional campaigns invite thousands of consumers nationwide to receive offers and advertisements on their cellular telephones.

3. To receive these offers, consumers must agree to receive a limited number of automated text messages each month.

4. Defendant takes advantage of the goodwill of consumers by sending them text messages in excess of the limited consent it obtains.

5. As a result, Defendant repeatedly violates the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

6. The TCPA was enacted to protect consumers from excessive calls, exactly like the messages alleged in this complaint. Defendant sends these superfluous text messages despite the fact that neither Plaintiff nor the other members of the putative Class (defined below) provide prior express consent to receive them.

7. As a result, Plaintiff, on behalf of himself and the putative Class, seeks an injunction requiring Defendant to cease all unlawful text messaging activities alleged in this Complaint, and an award of statutory damages to Plaintiff and the

Class for each such violation, together with costs and reasonable attorneys' fees.

## PARTIES

8. Plaintiff Bryan Flores is a natural person and resident of Los Angeles, California.

9. Defendant Papa John's is a for-profit corporation licensed to do and doing business in California.

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 for Plaintiff's claims arising under 47 U.S.C. § 227, *et seq*. (TCPA).

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1441(a) because the damages sustained by Plaintiff occurred in this District.

## THE TCPA

12. In 1991, Congress enacted the TCPA in response to voluminous consumer complaints concerning abuses of telephone technology and to compensate consumers for intrusive nuisance calls.[1] Since its inception, however, violators of the Act have persisted with little to no repercussions.

13. Since 2015, the FCC is reported to have ordered TCPA violators to pay a total of $208.4 million; as of March 2019, it has collected a mere $6,790.[2]

---

[1] *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368, 370 (2012).

[2] Sarah Krouse, *The FCC has fined robocallers $208 million. It's collected $6,790*. Fox News, https://www.foxnews.com/tech/the-fcc-has-fined-robocallers-208-million-its-collected-6790 (last visited Jan. 14, 2020).

14. The TCPA prohibits a defendant from: (1) calling a cellular telephone number; (2) using an automatic telephone dialing system; and (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A)(iii).  A text message is a call under the TCPA. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 569 (9th Cir. 2009).

15. Additionally, the TCPA prohibits a defendant from making automated telemarketing calls to cellular telephone numbers without the plaintiff's prior express *written* consent. 47 C.F.R. 64.1200(a)(2) (emphasis added). Prior express written consent requires that the defendant give the plaintiff "'clear and conspicuous disclosure' of the consequences of providing the requested consent....and having received this information, agrees unambiguously to receive such calls at a telephone number the [recipient] designates." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

## FACTUAL ALLEGATIONS

16. Plaintiff provided Defendant Papa John's with consent to send him a *maximum* of six text messages each month at his cellular telephone number ending in "-0266" ("0266 number").

17. In March of 2019, Papa John's sent Plaintiff seven text messages at his 0266 number, *exceeding* the six messages per month that he consented to receive.

18. Plaintiff never provided prior express consent, written or otherwise, to

receive more than six messages per month from Papa John's.

19. All of the above-described text messages contained generic marketing solicitations regarding Papa John's food products, including the following messages:







20. None of these generic advertisements addressed Plaintiff by name, and they were all sent from Defendant's 5-digit short message service ("SMS") code "47272".

21. The equipment used by Papa John's to send the text messages qualifies as an automatic telephone dialing system ("ATDS"). Specifically, Defendant used equipment with the ability to store or produce cellular telephone numbers to be called using a random or sequential number generator and to dial such numbers without human intervention.

22. Defendant's use of an ATDS is supported by the high volume of text messages, the generic and impersonal nature of the messages, and Defendant's use of an SMS code.

23. Defendant used an ATDS to send the exact same (or substantially

CLASS ACTION COMPLAINT

similar) text messages to Plaintiff and all other members of the putative Class.

24. Plaintiff and Class members agreed to receive a limited number of text messages each month from Papa John's but then received text messages in excess of the stated limit without their prior express consent.

25. Plaintiff and Class members suffered injuries in the form of invasion of privacy, aggravation, and nuisance.

26. The text messages alleged herein were exclusively made by, or on behalf of Papa John's.

27. Defendant was and is aware that it was sending the above-described text messages on a widespread basis to consumers who had not provided prior express consent to receive them.

## CLASS ACTION ALLEGATIONS

28. **Class Definitions:** Plaintiff Bryan Flores brings this action on behalf of himself and a class defined as follows:

> **Class:** All individuals in the United States who received text messages in excess of the number to which they consented to receive as part of Defendant's text message advertising campaign.

Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and their current or former employees, officers

and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

29. **Numerosity**: The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has sent text messages to thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendant's records.

30. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the putative Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)    Whether Defendant's conduct violated the TCPA;

    (b)    Whether Defendant sent text messages using an ATDS, as contemplated by the TCPA and its implementing regulations;

    (c)    Whether Defendant sent text messages without prior express consent to Class members that exceeded the stated monthly

number they agreed to receive;

 (d) Whether Defendant sent telemarketing and/or advertising text messages to Class members; and

 (e) Whether Plaintiff and the members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

31. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited text message calls.

32. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff's claims are representative of the claims of the other members of the Class. That is, Plaintiff and the Class members sustained damages as a result of Defendant's conduct and received substantially the same text messages. Plaintiff also has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to the Class.

33. **Appropriateness:** This class action is also appropriate for certification

CLASS ACTION COMPLAINT

...

because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

34. Plaintiff reserves the right to revise the foregoing "Class Allegations" and "Class Definition" based on facts learned through additional investigation and in discovery.

## CAUSE OF ACTION
### (Willful and Knowing Violation of 47 U.S.C. § 227, et seq. – Telephone Consumer Protection Act)
### (on behalf of Plaintiff and the Class)

35. Plaintiff incorporates the foregoing allegations as if fully set forth

CLASS ACTION COMPLAINT

10

herein.

36. Defendant sent text messages to Plaintiff and the Class members' cellular telephones without their prior express consent.

37. Defendant sent these text messages to Plaintiff and the Class' cellular telephone numbers using equipment with the ability to store or produce cellular telephone numbers to be called using a random or sequential number generator and to dial such numbers without human intervention.

38. The equipment used by Defendant to send text messages to Plaintiff and Class' cellular telephone numbers qualifies as an ATDS as defined by 47 C.F.R. § 64.1200(f)(2) and 47 U.S.C. § 227(a)(1).

39. By sending the text messages to Plaintiff and members of the Class' cellular telephones without prior express consent using an ATDS, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

40. As a result of Defendant's unlawful conduct, Plaintiff and the members of the putative Class suffered actual damages and also have had their rights to privacy adversely impacted. Plaintiff and the Class are therefore entitled to, among other things, a minimum of $500 in statutory damages for each such violation under 47 U.S.C. § 227(b)(3)(B).

41. Because Defendant's misconduct was willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages

recoverable by the Plaintiff and the other members of the putative Class.

42. Alternatively, because Defendant's misconduct was negligent, the Court should, pursuant to 47 U.S.C. § 227(b)(3), award statutory damages recoverable by Plaintiff and the other members of the putative Class.

43. Additionally, as a result of Defendant's unlawful conduct, Plaintiff and the other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A) and § 227(c)(5)(A) to ensure that Defendant's violations of the TCPA do not continue into the future.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff Bryan Flores, individually and on behalf of the Class, prays for the following relief:

(a) An order certifying this case as a class action, appointing Plaintiff Bryan Flores as Class Representative and his attorneys as Class Counsel;

(b) Enter a judgment in favor of Plaintiff and the proposed class for all damages available under the TCPA, including $500.00 per violation and up to $1,500.00 per violation if Defendant willfully violated the TCPA;

(c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

(d) A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

CLASS ACTION COMPLAINT

(e) An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of their unlawful telephone calling practices;

(f) An injunction requiring Defendant to cease all unsolicited text message activities, and otherwise protecting the interests of the Class;

(g) Award Plaintiff and the class all expenses of this action, and requiring Defendant to pay the costs and expenses of class notice and claims administration;

(h) Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the text messages as alleged herein.

|   |   |
|---|---|
| | ***Respectfully submitted,*** |
| Dated: February 10, 2020 | */s/ Peter Borenstein* <br> Peter Hiller Borenstein, SBN 304266 <br> Attorney-at-Law <br> P.O. Box 885 <br> Culver City, CA 90403 <br> Telephone: (213) 362-8740 <br> peter@brnstn.org |
| | William H. Beaumont, Esq. <br> BEAUMONT COSTALES LLC <br> 107 W. Van Buren, Suite 209 <br> Chicago, Illinois 60605 <br> Telephone: (773) 831-8000 <br> Facsimile:  (504) 272-2956 <br> whb@beaumontcostales.com <br> (*pro hac vice* to be applied for) |
| | *Attorneys for Plaintiffs* |

CLASS ACTION COMPLAINT